**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2816

———————

RODOLPHE NOGBOU,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A093 005 698
Immigration Judge:  Walter A. Durling

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 10, 2010

Before: BARRY, AMBRO and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed   May 20, 2010)

———————

OPINION

———————

PER CURIAM

        Rodolphe Nogbou petitions for review of an order of the Board of Immigration

Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") final order of

removal. We will deny the petition for review.

Nogbou is a native and citizen of Côte d'Ivoire. He entered the United States at an unknown time and place. He applied for adjustment of status under legalization laws, but the application was denied in 2005.[1] He was charged with removability pursuant to Immigration and Nationality Act § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)] for being present in the United States without having been admitted or paroled. He testified that he had been admitted, A.R. 211, 213; but "could not say when he entered and how he had obtained legal status." A.R. 1 (BIA decision). Nogbou did not apply for any relief, but sought a continuance to await the conclusion of an appeal in a criminal case for assaulting a federal officer, and to await the outcome of civil cases he had filed. A.R. 217, 221. The IJ denied the continuance, noting that he was not being removed on the basis of his criminal conviction. The BIA dismissed the appeal. The BIA found that Nogbou had not met his burden of establishing that he was legally present in the United States, found that he was removable, and found a continuance was not warranted. Nogbou, proceeding pro se, filed a timely petition for review.[2]

We discern the following issues in Nogbou's brief: (1) the Government

---

[1] See Immigration Reform and Control Act of 1987 ("IRCA"), 8 U.S.C. § 1255a [INA § 245a]. IRCA "allow[ed] undocumented aliens who ha[d] resided continuously in the United States since January 1, 1982, to apply to the INS for legal resident status, despite the usual barrier of not having entered the United States legally." Arreola-Arellano v. I.N.S., 223 F.3d 653, 655 (7th Cir. 2000).

[2] On August 7, 2009, this Court denied Nogbou's motion for a stay of removal.

improperly used facts from his legalization application to charge him with being removable; (2) his criminal conviction pending on appeal was improperly used as a basis for the removal order; (3) the BIA improperly held that he had the burden of proving admissibility; (4) Nogbou was denied a fair opportunity to appeal because the Government submitted inaccurate and detrimental documents to the BIA but never served those documents on Nogbou; (5) the Government should be estopped from removing him based on affirmative misconduct by government officials; (6) he was denied procedural due process; (7) he was denied substantive due process; (8) his right to equal protection was violated; and (9) the IJ improperly denied him the right to stay until his criminal and civil cases were concluded. Nogbou asks the Court to dismiss the removal order and grant his application for adjustment of status under the legalization laws.

We first consider the basis of the finding that Nogbou is removable: his illegal entry without inspection. The Immigration Reform and Control Act of 1987 ("IRCA"), included a provision preventing the Government from using information provided in a legalization application "for any purposes other than processing that application, enforcing penalties for false statements in the application, or fulfilling reporting requirements to Congress." Arreola-Arellano, 223 F.3d at 655; 8 U.S.C. § 1255a(c)(5) [INA § 245a(c)(5)]. However, there is no indication that the Government used information from Nogbou's legalization application in deciding to commence removal proceedings against him. It appears that Nogbou came to the Government's attention

because of the criminal charges against him. IRCA does not prevent the Government from checking a legalization file to see if the application has been granted or denied. Arreola-Arellano, 223 F.3d at 656.

Here, because Nogbou's application had been denied, the Government could remove him on the basis of his illegal entry.[3] Nogbou did not meet his burden of showing that he had entered the United States legally. See 8 U.S.C. § 1361 [INA § 291]. Further, the fact that Nogbou had at one time applied for legalization did not insulate him from later removal. In fact, IRCA contemplated the review of the denial of a legalization application in later deportation proceedings. See 8 U.S.C. § 1255a(f)(4)(A) [INA § 245a(f)(4)(A)]; Reno v. Catholic Social Services, Inc., 509 U.S. 43, 54 (1993).[4]

The remainder of Nogbou's arguments are equally without merit. The documents that Nogbou alleges were provided ex parte to the BIA (although the Government states they were served on Nogbou) did not form the basis of the BIA's decision against him. Nogbou was given a full and fair opportunity to present his claims, he was not denied the

---

[3] Nogbou's claim that he was found removable on the basis of his criminal conviction is belied by the record. A.R. 225 (Notice to Appear); A.R. 206-07 (IJ's decision); A.R. 2-3 (BIA's decision).

[4] However, we may not review the denial of Nogbou's legalization application, because he did not appeal the denial of his application to the Administrative Appeals Unit, as provided by statute. See 8 U.S.C. § 1255a(f)(3) [INA § 245a(f)(3)] (providing for single level administrative review of denial of application for adjustment under legalization law); see also 8 U.S.C. § 1105a(c) (1996) (court may not review order of deportation unless alien has exhausted administrative remedies); 8 U.S.C. § 1252(d)(1) (same).

4

equal protection of the law, and he has not presented any basis to estop the Department of Homeland Security from removing him. Lastly, the IJ did not abuse his discretion by denying a continuance to allow Nogbou to remain in the United States pending the disposition of his unrelated criminal appeal and civil suits.

For the foregoing reasons, we will deny the petition for review.